13TH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE
STATE OF LOUISIANA

WALKER & SONS, INC.

VERSUS

PUNCH YA DADDY, L.L.C. and KIRBY FALCON, Jr.

DOCKET NO. 71039-B

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR INJUNCTIVE RELIEF AND DAMAGES AND APPLICATION FOR PRELIMINARY INJUNCTION

Now into Court, through undersigned counsel, comes Plaintiff, Walker & Sons, Inc. ("the Walkers"), and respectfully avers:

1.

Louisiana Code of Civil Procedure Articles 3601 et seq. provide that injunctive relief shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant or in other cases specifically provided for by law. Plaintiff asserts, based upon the following that irreparable injury threatens and that Defendants, **Punch Ya Daddy, L.L.C.** and **Kirby Falcon, Jr.**, should be preliminarily and permanently enjoined from manufacture, use, display or sale of products using the trade name "**Punch Ya Daddy**" and its associated logo and label.

### Parties, Jurisdiction and Venue

2

Plaintiff, Walker & Sons, Inc. is a Louisiana corporation domiciled in Evangeline Parish at 1103 West Main Street in Ville Platte.

3

Made Defendants herein are Punch Ya Daddy, L.L.C., a Louisiana limited liability company domiciled at 701 Goode Street in Houma, Louisiana; and Kirby Falcon, Jr., upon information and belief a person of the age of majority domiciled in Houma. The Louisiana Secretary of State's corporate registration lists Mr. Falcon as Punch Ya Daddy L.L.C.'s sole member and as its agent for service of process (Exhibit A).

**EXHIBIT "A"**

4

This Court has jurisdiction both over the subject matter of the suit and over the persons made parties to it. Venue is proper in Evangeline Parish, both as to Plaintiff's action for recovery of damages and as to its application for injunction, under Code of Civil Procedure Art. 74. Defendants have committed a variety of offenses enumerated below; and have committed wrongful conduct in (sold infringing products) and caused damages in, Evangeline Parish. Likewise, the wrongful conduct Plaintiff seeks to halt by injunction (continued sale of Defendants' infringing products) will otherwise occur in Evangeline Parish

### Trade Mark and Trade Dress Infringement, and Fraudulent Registration

5

The Walkers began selling their family-recipe Cajun powdered seasoning under a homemade label reading "slap your mama" in 1996, at a convenience store along Louisiana state Highway 29. Plaintiff first sold Slap Ya Mama Cajun Seasoning, labeled with its distinctive chili-peppers logo, at the Smoked Meats Festival in Ville Platte in June 1998. The Walkers have been accruing rights in the name "Slap Ya Mama," and in the seasoning's distinctive chili-peppers logo (Exhibit B), since that first use

6

In February 2008, the Walkers registered with the Louisiana Secretary of State several trade names reflecting their use in commerce of the words "Slap Ya Mama" and "Slap Ya Mama Cajun Seasoning." They also registered several "Slap Ya Mama" chili-pepper product labels as trade marks, including "Slap Ya Mama" and "Slap Ya Mama Cajun Seasoning"

7.

One year later, in February 2009, Mr. Falcon organized Punch Ya Daddy, L.L.C. (see Exhibit A) Punch Ya Daddy filed in May 2009 for registration of the trade name "Punch Ya Daddy" (Secretary of State's registration attached as Exhibit C)

8

The Walkers first became aware of Mr. Falcon's imitation seasoning mix when asked by customers about "their new product." Consumer confusion caused by Punch Ya Daddy's product is not only understandable, it was inevitable and apparently intended: Defendants' logo and packaging (attached as Exhibit D) is clearly a copy of and is intended to evoke the Walkers' label. The most obvious duplication is the "Punch Ya Daddy" logo, complete with chili peppers; Mr. Falcon has (in a slightly different font) replaced "slap" with "punch," and changed "Mama" to "Daddy," in a manner clearly calculated to associate his product with the Walkers'. Defendants also copied the Walkers' repeating-name motif at the label's top, replacing Plaintiff's name with "The Falcons" and replacing the outline of Louisiana with chili peppers. It is hard to imagine, comparing the two side by side, that Mr. Falcon could have drawn up his package's label without a copy of the Walkers' product packaging in hand.

9

Likelihood of "injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief" in cases of infringement, whether the mark is registered or unregistered. LSA-R.S. 51:223.1. Federal law provides a similar, but separate, cause of action for infringement of a distinctive mark that permits recovery of damages incurred and profits realized. 15 U.S.C. 1114.

10.

Federal statutory and jurisprudential law also separately provide an action for infringement or dilution of "trade dress." The United States Supreme Court described trade dress as "design or packaging of a product … which serves to identify the product with its manufacturer or source … [is] a trade dress which may not be used in a manner likely to cause confusion as to the origin, sponsorship, or approval of the goods." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001). Trade dress protection extends both to infringement (15 U.S.C. 1125(a)(3)) and dilution (15 U.S.C. 1125(c)(4)) of distinctive design or packaging.

11

Upon information and belief, Defendants have recently begun to use in commerce a trade name ("Punch Ya Daddy") and trade mark (the product's label) that both infringe upon and dilute Plaintiff's senior and superior trade name and trade mark. Defendants

also have registered their trade name in violation of LSA-R.S. 51:212. Among other requirements, that statute prohibits registration of "a mark which so resembles a mark registered in this state or a mark or trade name previously used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive." LSA-R.S. 51:212(6). Knowingly fraudulent representation in the procuration of a registered mark renders the violator "liable to pay all damages sustained in consequence of such filing or registration, to be recovered by or on behalf of the party injured thereby," LSA-R.S. 51:221.

12.

Defendants' use in commerce of the trade name "Punch Ya Daddy" and its associated trade mark threatens appropriation of the goodwill established by Plaintiff in its trade names and trade marks, has caused and is likely to continue to cause confusion in the marketplace, and is likely ultimately to deceive consumers.

13.

In light of the obvious similarities between the Walkers' trademarked label and Defendants' subsequent design, Plaintiff alleges that Defendants' actions in adopting, registering and subsequently using the trade name "Punch Ya Daddy" and its associated trade mark were done with full and complete knowledge of the existence of Plaintiff's senior and superior rights in the use of their trade names and marks; was taken with the calculated, deliberate and willful intent of infringing Plaintiff's rights therein; and was intended to trade upon the goodwill accrued in the mark by Plaintiff, to Plaintiff's and the public's irreparable injury and damage.

14.

Continued use by Defendants of their infringing and diluting trade name and trade mark is likely to result in the destruction or dilution of Plaintiff's valuable and exclusive rights in their widely-recognized trade names and trade marks, and will cause irreparable injury to Plaintiff's reputation and goodwill.

15.

Defendants' actions complained of, unless preliminarily and permanently enjoined by this Court, will result in market confusion, mistake and deception among the

public and will produce attendant irreparable injury and damage to Plaintiff and the public for which there exists no adequate remedy at law

### False Advertising, Unfair Competition and Unfair Trade Practice

16

Upon information and belief, Defendant with the intent to sell its infringing products causes, directly or indirectly, advertising regarding such products offered to the public which is untrue, deceptive and misleading. In addition to constituting a violation of the criminal law, LSA-R.S. 51:411(E), such knowing deception (both in advertising and in provision of such products) also is an unfair trade practice as contemplated by LSA-R.S. 51:1405.

17

Defendants, by their use in commerce of infringing and confusing trade names and marks, have and are engaging in unfair competition with Plaintiff, and in an unfair trade practice, by unjustly appropriating as their own Plaintiff's rights in their own trade names and marks; by trading on the goodwill and reputation of Plaintiff; and by confusing and deceiving the public, including customers and prospective customers of Plaintiff into believing the name "Punch Ya Daddy" and Plaintiff are in some way related, or that the Walkers have authorized or sanctioned Defendants use of their trade name and mark; all to Plaintiff's and the public's irreparable injury and damage.

18

The Walkers have suffered "ascertainable loss of money or movable property, corporeal or incorporeal" as a result of Defendant's unlawful use of the trade name "Punch Ya Daddy" and its label, and Plaintiff is entitled to recover its actual damages, in addition to reasonable attorney's fees and costs. LSA-R.S. 51:1409(A)

19

Defendants Punch Ya Daddy, L.L.C. and its sole member, Kirby Falcon Jr., have profited from these infringing and diluting uses and from their acts of unfair trade and unfair competition, and Plaintiff has suffered damage thereby, the extent of profits and damages being at this time unknown to Plaintiff.

20.

Based on the foregoing, Plaintiff, Walker & Sons, Inc seeks a permanent injunction against Defendants, Punch Ya Daddy, L.L.C. and Kirby Falcon, Jr. enjoining them from utilizing in any form, the trade name "Punch Ya Daddy" and its associated label and packaging

21

Pending hearing on this Petition for Injunctive Relief, Plaintiff applies for hearing on a preliminary injunction at a date and time to be fixed under the provisions of LSA-C.C.Pr. Art. 3602. which would enjoin Defendant from utilizing, in any form, the trade name "Punch Ya Daddy" and its associated label and packaging

22

Upon information and belief Defendants have only recently (May 2009) registered and begun to use the trade name "Punch Ya Daddy" and its associated label and Defendants face very little risk or cost associated with denying their use of the mark due to minimal investment in it. Therefore, Plaintiff respectfully requests that security for a preliminary injunction should be fixed for a reasonable amount in light of these circumstances. LSA-C.C.Pr. Art. 3610

**Wherefore**, Plaintiff Walker & Sons, Inc prays that this Court fix a date and time for hearing on the applied-for preliminary injunction; that the Court set security for that injunction at an amount reasonable under these circumstances; that, after due proceedings be had, a permanent injunction be issued in the form and substance of the preliminary; and that Defendants Punch Ya Daddy, L.L.C. and Kirby Falcon, Jr. be ordered to pay: all damages incurred and profits unrealized by Plaintiffs as a result of their unlawful use of the trade name "Punch Ya Daddy" and its associated label, reasonable attorney's fees and all Plaintiff's costs


Respectfully submitted,

William W Stagg (#1613)
Ryan M Goudelocke (#30525)
Durio, McGoffin, Stagg & Ackermann, P.C.
220 Heymann Boulevard (70503)
P.O. Box 51308
Lafayette, LA 70505-1308
(337) 233-0300 (telephone)
(337) 233-0694 (facsimile)
*Counsel for Plaintiff*

Please serve, by personal service <u>only</u> (directly upon the individual named, please do not leave pleadings with any other person):

Kirby Falcon, Jr
701 Goode Street
Houma, Louisiana 70360

A True Copy
Ville Platte, La. 10-2-09
Nicole A. [signature]
Deputy Clerk of Court

Louisiana Secretary of State / Selected Business Detailed Data



COMMERCIAL DIVISION
Corporations Database

*Louisiana Secretary of State*
*Detailed Record*

Charter/Organization ID: 36965408K

Name: PUNCH YA DADDY, L.L.C

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing      Add Certificate of Good Standing to Shopping Cart

Mailing Address: C/O KIRBY A FALCON, JR., 701 GOODE STREET, HOUMA, LA 70360

Domicile Address: 701 GOODE STREET, HOUMA, LA 70360

File Date: 02/09/2009

Registered Agent (Appointed 2/09/2009): KIRBY A FALCON, JR , 701 GOODE STREET, HOUMA, LA 70360

Member or Manager: KIRBY A FALCON, JR , 701 GOODE STREET, HOUMA, LA 70360

[ New Search ]  [ View Cart ]

http://www400.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=36965408K [7/16/2009 5:50:42 PM]



EXHIBIT A



EXHIBIT B

Louisiana Secretary of State / Selected Trade Name Detailed Data



COMMERCIAL DIVISION
Corporations Database

*Louisiana Secretary of State*
*Trade Name Detailed Record*

Type(s) Registered: TRADE NAME

Registered Name: PUNCH YA DADDY

Applicant: PUNCH YA DADDY, L L C , 701 GOODE STREET, HOUMA, LA 70360-0000

Current Status: ACTIVE

Type of Business: FOOD PRODUCTS AND SPICES

Classes: 00 00 00 00 00 00 00 00 00 00

First Used: 02/10/2009

First Used in LA: 02/10/2009

Reg Date: 05/08/2009

Exp Date: 05/08/2019

[ New Search ]   [ View Cart ]

http://www400.sos.louisiana.gov/cgibin?rqstyp=crpdtitsC&rqsdta=606422 [7/16/2009 5:50:07 PM]



EXHIBIT C



EXHIBIT D

13TH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE
STATE OF LOUISIANA

WALKER & SONS, INC

VERSUS

PUNCH YA DADDY, L.L.C. and KIRBY FALCON, Jr.

DOCKET NO. _____
*********************************************************************

## ORDER

Considering the foregoing Application for Preliminary Injunction,

It is Ordered that Defendants, Punch Ya Daddy, L.L.C. and Kirby Falcon, Jr. show cause on the 30th day of October, 2009 at 9:00 o'clock A m. why a preliminary injunction should not issue prohibiting their use of the trade name "Punch Ya Daddy" and its associated label

Done and signed this 30th day of September, 2009

/s/ Thomas F. Fuselier
Judge, 13th Judicial District Court

A True Copy
Ville Platte, La 10-2-09
_____
Deputy Clerk of Court

13TH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE
STATE OF LOUISIANA

WALKER & SONS, INC

VERSUS

PUNCH YA DADDY, L.L.C. and KIRBY FALCON, Jr.

DOCKET NO. _____
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR PRELIMINARY INJUNCTION

May it Please the Court:

Plaintiff, Walker & Sons, Inc., submits this Memorandum in connection with its attached Application for Preliminary Injunction.

### I. Rights in a trade name or mark accrue through use prior to registration

Louisiana Revised Statutes Title 51, Section 211 defines a "trademark" as "any work, name, symbol, or device or any combination thereof adopted and used by a person to identify goods made or sold by him and to distinguish them from goods made or sold by others." LSA-R.S. 51:211(A).

According to the Louisiana Supreme Court, "*actual use* of a mark or name, or, in other words, priority of appropriation, gives rise to a protectable proprietary interest in the mark or name." *Gulf Coast Bank v Gulf Coast Bank & Trust Co.*, 94-2203 (La. 4/10/95), 652 So.2d 1306, 1313 (emphasis added).[1] Louisiana law does not allow registration to precede use of a mark, permitting only a person "who adopts and uses a mark or name" to register. LSA-R.S. 51:214(A).

Louisiana courts have long held it "settled in our law that trade names will be protected against unfair use, imitation or simulation."[2] *Boogie Kings v Guillory*, 188 So.2d 445, 447 (La. App. 3rd Cir. 1966); *see also Yellow Cab Co of New Orleans v Jones*, 101 So. 216 (La. 1924).

---

[1] A protectable trade name must also be "distinctive," either inherently or through the acquisition of secondary meaning. *Gulf Coast, supra*, 652 So.2d at 1313. "Arbitrary and fanciful" names like Plaintiff's mark 'Slap Ya Mama," are inherently distinctive. *See Zatarains Inc v Oak Grove Smokehouse, Inc*, 698 F.2d 786 (C.A.5, 1983)

[2] As the Supreme Court noted in *Gulf Coast Bank*, a "mark" and a "trade name" presently are separately defined in LSA-R.S. 51:211 and fall under separate statutory protection schemes: "marks' are protected from *infringement* by LSA-R.S. 51:223 while "marks or trade names" are protected from *dilution* under LSA-R.S. 51:223.1. These distinctions in the written law of Louisiana began to arise around 1968, and the cited jurisprudence typically uses the terms interchangeably. See discussion in *Gulf Coast*, 652 So.2d at 1310-1312

In fact, a person or a corporation may not use even its *own* name with the fraudulent intention of appropriating the good will of a business established and built up by another person of the same name *New Orleans Checker Cabs v. Mumphrey* 18 So.2 629, 632 (La 1944); quoting *Albrecht v. Del Biondo*, 177 So 587, 588 (La 1937). As he court said in *Mumphrey*, "[a] corporate name, although derived through authority of the state, may not be used to deceive," 18 So 2d at 1092 (internal quotations omitted).

Because rights in a trademark are acquired by priority of use, registry with the Secretary of State (as Defendants have done) cannot confer them, only recognize them subsequent to commencement of *lawful* use; "substantive rights in the mark arise only from the use of the mark and not from registration." *Bobby and Ray Williams Partnership L L P v The Shreveport Louisiana Hayride Co. L L C et al*, 38,224 (La App 2nd Cir 4/21/04), 873 So 2d 739, 743.

## II. Defendants' violations of state and federal law have conferred upon Plaintiff multiple causes of action for injunctive relief; this Court has jurisdiction over all of them

Plaintiff's use of the trade name "Slap Ya Mama" and associated trade marks, included the distinctive "Slap Ya Mama" chili-pepper label, has long since established the Walkers' right to register its trade names and trade marks with the Secretary of State.

Defendants' registration of "Punch Ya Daddy," by contrast, in light of its clear imitation of the Walkers' packaging, was made in violation of LSA-R S. 51:212(6) which forbids registration of "a mark or trade name previously used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive."

Mr Falcon, in the event he was aware of and purposefully copied the Walkers packaging, must necessarily have in his application also have violated LSA-R S 51:214 which requires both a "statement that the applicant is the owner of the mark or name and that no other person has the right to use such mark or name in this state," as well as the applicant's verification and signature. Through their fraudulent registration, Defendants have exposed themselves to Plaintiff's cause of action under LSA-R S 51:221, which entitles the Walkers to "all damages sustained in consequence of such filing or registration."

Separately, Plaintiff is an "owner of a mark registered under this Sub-part" and may sue for injunctive relief, profits realized and damages suffered as a result of Defendants' "counterfeits or imitations," LSA-R.S. 51:223. That Section provides remedies for *infringement* of a "mark;" Plaintiff further claims the right to injunctive relief for *dilution* granted by LSA-R.S. 51:223.1.

Federal law prohibiting false advertising also confers on Plaintiff the right to injunctive relief "against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment," 15 U.S.C. 1125(c)(1). That statute, which prohibits mark or trade name dilution within the Lanham Act, provides the model for Louisiana's anti-dilution provision, *supra*.

This Court has jurisdiction over Plaintiff's state and federal claims based on the well-established principle of concurrent state-court jurisdiction: "state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Oil Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981). Infringement and dilution of service marks is an area of the law where state and federal concurrent claims coexist peacefully: since the "Lanham Act contemplates a continuing role for state law in trademark protection." "Pre-emption, Extraterritoriality, and the Problem of State Anti-dilution Laws," 67 Tul. L. Rev. 1, 11 (November 1992), the "Supreme Court has shown extreme reluctance to find state trade regulation pre-empted."

While the Lanham Act requires an element of "fame" that is not present in Louisiana's law, federal jurisprudence establishes that a "mark that is highly distinctive only to a select class or group of purchasers may be protected from diluting uses directed at that particular class or group." *Advantage Rent-a-Car, Inc. v. Enterprise Rent-A-Car Co.*, 238 F.3d 378, 380 (C.A. 5, 2001), quoting Restatement (Third) of Unfair Competition, Sec. 25, cmt. e (1995).

Defendants' diluting uses of the trade name "Punch Ya Daddy" and its associated label are aimed at precisely that class of customers among whom the mark is highly distinctive: actual *prior consumers* of the Walkers' "Slap Ya Mama" products. Since Defendants' packaging is a conscious imitation of Plaintiff's, apparently designed to

mimic the Walkers' products in the minds of consumers, that class of people for whom the "Slap Ya Mama" marks are highly distinctive are *precisely* the group targeted by Defendants' infringement. Plaintiff is therefore granted the right to sue for injunctive relief under the anti-dilution statutes of both the state and federal sovereigns.

### III. Defendant's activities already have inflicted irreparable injury upon Plaintiff and the public, harm which will not abate absent injunctive relief

Preliminary injunction is an interlocutory device designed to preserve the status quo pending full trial on the merits of a case. An applicant "need make only a prima facie showing that he will prevail on the merits. Thus, the preliminary injunction requires less proof than is required in an ordinary proceeding for a permanent injunction." *Paddison Builders, Inc. v. Turncliff*, 95-1753 (La. App. 1st Cir. 4/4/96), 672 So.2d 1133, 1136.

Generally speaking, that prima facie showing by an applicant for injunctive relief must include proof that, absent the relief sought and to which he is entitled, he will suffer irreparable harm. LSA-C.C.P. Art. 3601(A); *General Motors Acceptance Corp. v. Daniels*, 377 So.2d 346 (La. 1979). Plaintiff respectfully submits that it is entitled to the relief sought and its likelihood of success on the merits, and the very nature of its causes (infringement and dilution of a mark in the public mind, and thus public confusion), render monetary recompense insufficient.

Defendants' activities have tarnished and will eventually erode Plaintiff's rights in their trade name "Slap Ya Mama" and its associated marks if Defendants are not enjoined; these harms are *inherently* irreparable. "Trademark infringement, unfair competition, and dilution by their very nature result in irreparable injury since the attendant loss of goodwill, reputation and business cannot adequately be quantified and the trademark owner cannot adequately be compensated." *Bayer Corp. v. Custom School Frames, L.L.C.*, 259 F. Supp. 2d 503, 510 (E.D. La. 2003).

In addition, Plaintiff notes that an applicant for injunctive relief need *not* show that the harm inflicted is irreparable "when the act complained of is unlawful." *Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc.*, 97-152 (La. App. 5th Cir. 7/29/97), 698 So.2d 449, 452. Such unlawful acts *may* be criminal, but may also merely be violations of civil duties; *see e.g. Camp Dresser & McKee Inc. v. Steimle & Associates, Inc.*, 94-547 (La. App. 5th Cir. 2/15/95), 652 So.2d 44 (violation of parish

code prohibiting removal of solid waste from disposal site); *Ouachita Parish Police Jury v. American Waste and Pollution Control Co.*, 606 So. 2d 1341 (La. App. 2nd Cir. 1992) *writ denied*, 609 So. 2d 234 (La. 1992). *cert. denied*, 508 U.S. 909 (1993) (failure to conform with federal environmental laws governing waste disposal).

Even assuming *arguendo* that the harm inflicted by Defendants upon the Walkers (which Plaintiff at all times denies), Defendants are presently in violation of both the civil (unfair trade practice, LSA-R.S. 51:1409) and criminal law (false advertising, LSA-R.S. 51:411(E)) of Louisiana.

Plaintiff thus ought to be relieved of its burden of showing irreparable harm, in the public interest of ceasing and discouraging unlawful conduct. "This judicially created rule is an exception to the general rule that an injunction will not issue where irreparable injury will not otherwise result." *Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Bd.*, 586 So. 2d 1354, 1359 (La. 1991).

Federal Lanham Act jurisprudence requires an applicant for a preliminary injunction to establish four elements of fact: (1) a substantial likelihood of success on the merits (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied (3) that the threatened injury outweighs any damage that the injunction might cause defendants, and (4) that the injunction will not disserve the public interest. *Sugar Busters LLC v. Brennan*, 177 F. 3d 258, 265 (C.A. 5 1999).

These elements, Plaintiff respectfully submits, are satisfied by the same proof which suffices under Louisiana law: the Walkers can show both a substantial likelihood of success on the merits and the substantial threat of irreparable harm absent injunction. Since Defendants here have no longstanding interest in the trade name "Punch Ya Daddy" or its associated marks, and are actively trading on the goodwill accrued in the Walkers' trade name "Slap Ya Mama" and associated marks, injunction poses no threat of damage at all to Defendants' *legitimate* interests. Finally, the consuming public will be served, its confusion abated, by issuance of an injunction.

**IV. Conclusion**

This Application, and the Petition it accompanies, are a family's attempt to maintain the reputation and public goodwill they have built over years of offering products to the public under the "Slap Ya Mama" name and with its distinctive marks.

(including the chili-pepper logo) They are the story as well of a recent attempt to trade on that goodwill by actively confusing the public with an imitation product, a clearly derivative trade name, and copied trade marks and trade dress. Unfortunately, that attempt already has succeeded, and Plaintiff has suffered losses to an unknown degree.

While the goodwill and value that inhere in trade names and marks like Plaintiff's "Slap Ya Mama" and associated marks are not corporeal, they are no less valuable for that — and by their ephemeral nature they are particularly susceptible to harm that can be repaired by monetary damages alone. Plaintiff has a right to avoid further infliction that harm upon its name and marks, and the public has a right to be free of confusion when they associate its mark with the Walkers' years of service to it.

The injunction should issue.

Respectfully submitted,

_____
William W. Stagg (#1613)
Ryan M. Goudelocke (#30525)
Durio, McGoffin, Stagg & Ackermann, P.C.
220 Heymann Boulevard (70503)
P.O. Box 51308
Lafayette, LA 70505-1308
(337) 233-0300 (telephone)
(337) 233-0694 (facsimile)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record to this proceeding by:

_____ Telefacsimile transmission;

_____ United States Mail, postage prepaid and properly addressed;

_____ Certified Mail Return Receipt Requested;

__X__ Hand delivery

Lafayette, Louisiana, this _____ day of _____, 2009.

_____
Ryan M. Goudelocke (#30525)

**A True Copy**
Ville Platte, La. _____
_____
Deputy Clerk of Court