## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WALKER & SONS, INC.** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **VERSUS** | * | **NO.  09-01822** |
| | * | |
| **PUNCH YA DADDY, L.L.C. AND** | * | **JUDGE:  Richard T. Haik** |
| **KIRBY FALCON** | * | **MAGISTRATE JUDGE:** |
| | * | **C. Michael Hill** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND DEFENSES TO COMPLAINANT'S PETITION FOR INJUNCTIVE RELIEF AND DAMAGES AND APPLICATION FOR PRELIMINARY INJUNCTION

**NOW INTO COURT**, through undersigned counsel, comes

KIRBY FALCON, made defendant herein, who answers the Petition for Injunctive Relief

and Damages and Application for Preliminary Injunction filed by the petitioner, Walker &

Sons, Inc.

## FIRST DEFENSE

The Complaint fails to state a claim, right or cause of action against

KIRBY FALCON upon which relief can be granted.

**AND NOW FURTHER ANSWERING**, defendant responds to the specific

allegations of complainant's Petition for Injunctive Relief and Damages and Application

for Preliminary Injunction as follows:

1.

The allegations contained in paragraph 1 of the Petition, are denied.

2.

The allegations contained in paragraph 2 of the Petition are denied for lack of sufficient information to justify belief therein.

3.

The allegations contained in paragraph 3 of the Petition are admitted.

4.

The allegations contained in paragraph 4 of the Petition are denied for lack of sufficient information to justify belief therein.

5.

The allegations contained in paragraph 5 of the Petition are denied for lack of sufficient information to justify belief therein.

6.

The allegations contained in paragraph 6 of the Petition are denied for lack of sufficient information to justify belief therein.

7.

The allegations contained in paragraph 7 of the Petition are denied for lack of sufficient information to justify belief therein.

8.

The allegations contained in paragraph 8 of the Petition are denied. Your respondent calls for strict proof.

9.

The allegations contained in paragraph 9 of the Petition require no response; however, should the Honorable Court deem response thereto necessary, the allegations contained therein are denied. Your respondent calls for strict proof.

10.

The allegations contained in paragraph 10 of the Petition require no response; however, should the Honorable Court deem response thereto necessary, the allegations contained therein are denied. Your respondent calls for strict proof.

11.

The allegations contained in paragraph 11 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

12.

The allegations contained in paragraph 12 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

13.

The allegations contained in paragraph 13 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

14.

The allegations contained in paragraph 14 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

15.

The allegations contained in paragraph 15 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

16.

The allegations contained in paragraph 16 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

17.

The allegations contained in paragraph 17 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

18.

The allegations contained in paragraph 18 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

19.

The allegations contained in paragraph 19 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

20.

The allegations contained in paragraph 20 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

21.

The allegations contained in paragraph 21 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proof.

22.

The allegations contained in paragraph 22 of the Petition are denied for lack of sufficient information to justify belief therein. Your respondent calls for strict proo .

23.

The allegations contained in paragraph 22 of the Petition are denied.

24.

Defendant herein asserts the following affirmative defenses:

## SECOND DEFENSE

At all times, defendant, in identifying its product acted as a prudent

businessman or merchant.

## THIRD DEFENSE

That defendant herein, on July 1, 2009, filed an application for a

trademark (word mark) Punch Ya Daddy, along with other marks, which on October 15,

2009, was approved for publication by the United States Patent and Trademark Office.

The examiner assigned found no basis to suspend or deny the mark.

## FOURTH DEFENSE

Complainant's mark, Slap Ya Mama, was filed as an application by

complainant on March 17, 2008. As a result of the examiner's search, the mark was

issued a Letter of Suspension on May 27, 2008. Additionally, on November 29, 2008,

the suspension of the mark was maintained after the United States Patent and

Trademark Office completed its report and suspension check. Additionally, an

additional suspension check was undertaken by the office and the mark remained suspended as of the report of May 29, 2009.

## FIFTH DEFENSE

Defendant avers that its product name, logos and packaging do not infringe on complainant's brand name or packaging. Additionally, defendant has been made aware that other food seasoning products manufactured by third parties bear the name, Slap Your Mamma, and thus, because of the widespread use of that term in commerce, and in particular, in the food service and condiment industry, it is averred that complainant has no proprietary or intellectual property interest in said name or slogan.

## SIXTH DEFENSE

It is affirmatively pled that complainant's damages, while denied, if any, are nominal, as complainant has suffered no actionable damages.

## SEVENTH DEFENSE

Defendant avers that complainant's claims and suit are frivolous and without merit inasmuch as complainant was well aware, prior to the filing of suit, that its federal application to register its mark had been suspended and complainant should have been aware that its trade name has been widely used in commerce prior to the filing of its application for trademark.

## EIGHTH DEFENSE

It is averred that no action of the defendant, at any time pertinent, constituted false advertising, unfair competition or an unfair trade practice as defined under federal law or state law.

## NINTH DEFENSE

It is averred that defendant at no time breached any duty or obligation regarding any protected interest of complainant.

Defendant reverses the right to amend this answer and affirmative defenses as this matter proceeds.

**WHEREFORE**, the defendant, KIRBY FALCON, prays that this answer be deemed good and sufficient, and that after due proceedings are had, there be judgment rendered herein in favor of the defendant, and against the complainant, dismissing complainant's Petition with prejudice, at complainant's costs, and for such general and equitable relief as the nature of this case may permit.

Respectfully submitted;

LAW OFFICE OF CHRISTOPHER H. RIVIERE
A Professional Law Corporation

CHRISTOPHER H. RIVIERE (#11297)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana 70302-0670
Telephone:  (985) 447-7440
Facsimile:  (985) 447-3233
ATTORNEY FOR DEFENDANT,
KIRBY FALCON

# CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has

been electronically filed with the Clerk of Court using the CM/ECF system and has been

mailed to all counsel of record this ___28th___ day of October, 2009, by depositing same in

the U.S. Mail, postage prepaid.

CHRISTOPHER H. RIVIERE