UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WALKER & SONS, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-01822 |
| | * | |
| PUNCH YA DADDY, L.L.C. AND | * | JUDGE: Richard T. Haik |
| KIRBY FALCON | * | MAGISTRATE JUDGE: |
| | * | C. Michael Hill |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

MAY IT PLEASE THE COURT:

This memorandum is submitted on behalf of defendant, PUNCH YA DADDY, LLC, and KIRBY FALCON, JR. in opposition to plaintiff, WALKER AND SONS, INC.'s, Motion for Preliminary Injunction.

### I. BACKGROUND

This litigation was instituted by Walker & Sons, Inc. ("Walker") against Punch Ya Daddy, LLC, and Kirby Falcon, Jr. alleging trademark infringement, trade dress infringement and related causes of action. The litigation originates from 13th Judicial District Court for the Parish of Evangeline, State of Louisiana, but defendants removed the matter to this Court based on federal question jurisdiction. Now, Walker is moving the Court for a preliminary injunction which is set for hearing on January 13, 2010.

1

According to Walker's pleadings, it markets various blends of powdered cajun seasoning under the mark "SLAP YA MAMA" and "SLAP YA MAMA CAJUN SEASONING." Obviously, the phrase is a reference to the common colloquialism used to describe a food item that is good quality, i.e. "it is so good it will make you slap your mama". Although Walker's marks are registered with the Louisiana Secretary of State, the Walker's applications for a Federal Trademark with the Untied States Patent and Trademark Office have been suspended since the phrase "slap ya mama" and its derivatives have long been used by others in the food services and condiment industry, as explained further below.

Kirby Falcon, Jr., owns and operates Punch Ya Daddy, LLC, ("Punch Ya Daddy") a Louisiana limited liability company that markets spice blends, fish fry and other products under the mark "PUNCH YA DADDY." The trade name "PUNCH YA DADDY" is also registered with the Louisiana Secretary of State. Further, "PUNCH YA DADDY" is the subject of a pending application for trademark to the United States Patent and Trademark Office, which was published on December 8, 2009. Unlike the Walker's application for "SLAP YA MAMA," the United States Patent and Trademark Office's examiner found no basis to suspend or deny Punch Ya Daddy's mark, and, specifically, searched "registered and pending marks" and "found no conflicting marks that would bar registration."

Walker brings this action against Punch Ya Daddy and Kirby Falcon, Jr., seeking to enjoin the use of the mark "PUNCH YA DADDY" and the associated product labels of Punch Ya Daddy premised on the erroneous conclusion that the "PUNCH YA DADDY" marks are a

"clear imitation of the Walker's packaging." As the evidence will show, the marks and trade dress of Punch Ya Daddy are wholly distinct from that used by the Walker and any similarities in trade dress relates to descriptive features, such as peppers used on numerous other seasoning labels and, therefore, the requested injunction should not issue.

## II. LAW AND ARGUMENT

Walker has moved this Honorable Court for the issuance of a preliminary injunction. In order to obtain preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, the plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and (4) granting the preliminary injunction must not disserve the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). This standard is applicable to trademark infringement cases. *Acme Refrigeration Supplies, Inc v. Acme Refrigeration of Baton Rouge, Inc*, 961 F.Supp. 936 (E.D.La.1996).

A. No substantial likelihood exists that Walker will prevail on the merits.

Walker mistakenly contends it can show a likelihood of success on its claims. To establish a substantial likelihood of success on the merits, a party alleging trademark infringement must establish: (1) that it owns a protectable mark; (2) that it is the senior user of the mark; and (3) the defendant's use of a confusingly similar mark that will result in a likelihood of confusion. *Union Nat. Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*,

3

909 F.2d 839, 844 (5th Cir.1990).

First, Walker cannot establish that it is the senior user of "SLAP YA MAMA" mark. Before Walker filed for federal registration, another company filed to register the mark, "So Good Yull Slap Yo Mama." That prior pending application resulted in the United States Paten and Trademark Office suspending Walker's current trademark application, since in this case the marks are very similar and the goods are certainly competitive. Second, Walker cannot establish that there is a likelihood of confusion between the marks.

The test for determining likelihood of confusion in a trademark case involves evaluating a variety of factors including: (1) the type of trademark at issue (i.e. strength of the mark); (2) similarity of design; (3) similarity of products on which the marks are used; (4) identity of retail outlets and purchasers; (5) identity of advertising media utilized; (6) defendant's intent; (7) and actual confusion. *Marathon Mfg. Co. v. Enerlite Prod. Corp.*, 767 F.2d 214, 217 (5th Cir.1985). None of these factors by itself is dispositive. *Id.* at 218.

In *Marathon Manufacturing Co.*, the Court noted that the evaluation of the Marks themselves is an important consideration, for "it is in their similarity that the root of most confusion lies." 767 F.2d at 218. The similarity of appearance of marks is determined by a subjective "eyeball" test in which the overall impression created by the mark as a whole is considered, rather than simply considering individual features of the marks. *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.*, 628 F.2d 500 (5th Cir.1980); see also *Acme Refrigeration*, 961 F.Supp. 936 at 940 (stating that similarity of appearance is determined "on the

4

total basis of the trademark rather than by a comparison of individual factors in the trademark").

It is questionable that Walker has any protectable interest in the "SLAP YA MAMA" mark as variations of the phrase is often used in the food industry to promote other products such as hot sauce. The phrase is highly suggestive if not descriptive of food seasoning and as such is entitled to very narrow protection. A mark which suggests some quality or gradient of goods is considered "suggestive," which is a middle ground between an arbitrary mark and a descriptive mark. If the mark is suggestive, it requires imagination, thought and perception to reach a conclusion regarding the nature of the goods, while a mark that is "descriptive" conveys an immediate idea of the ingredients, qualities or characters of the goods *Zatarains, inc., v Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 217 U.S.P.Q. 988 (5th Cir. 1983). The predecessor to the Federal Circuit court has noted:

> It seems both logical and obvious to us that where a party chooses a trademark which is inherently weak, he will not enjoy the wide latitude of protection afforded the owner of strong trademarks. Where a party uses a weak mark, his competitors may come closer to his mark than would be the case with a strong mark without violating his rights.

Sure-Fit Products Co. v. Saltzson Drapery Co., 254 F.2s 158, 117 U.S.P.Q. 295 (C.C.P.A. 1958). The frequent use of the phrase "slap ya mama" and its derivatives by others shows the weakness of the Walker's mark and cuts against it establishing a likelihood of success on the merits in this case.

Separately, a simple viewing ("eyeballing") of the marks and labels used by Walker and Punch Ya Daddy attached hereto as Exhibit "A" and "B" respectfully, reveals overwhelming

5

distinctions that clearly inform the consumer as to the source of the products. Firstly, the names of the producer of both products is clearly marked for the consumer's view on each label as "Walker & Sons" is printed predominantly on the top and center on Walker's label and "The Falcons" is clearly printed on the top of the Punch Ya Daddy label. Secondly, the marks are dissimilar as "PUNCH YA DADDY" does not look nor sound similar to "SLAP YA MAMA."

The U.S. Patent and Trademark Office will only allow a mark when the Trademark Examining Attorney is convinced that the proposed mark, when applied to the pending Applicant's goods, will not be confused with any other registered or pending mark for similar goods. In this case, the seasonings of both Walker and Falcon are obviously competitive, and the Trademark Examining Attorney has already ruled that the "Punch Ya Daddy" mark will not be confused with any registered or pending marks, and the Walker mark was clearly pending at that time. There is no likelihood of confusion, and certainly plaintiff has not shown a substantial likelihood of success on the merits.

Importantly, Punch Ya Daddy's label also includes the mark "ADD A LIL PUNCH" in conjunction with character in the shape of the state of Louisiana wearing boxing gloves and boots. This character is distinctly Punch Ya Daddy's and is also the subject of an application to the United State Patent and Trademark Office. This application was also recently published by the United States Patent and Trademark Office and registration is expected shortly. Lastly, the labels employ different colors and lettering font. When considered in totality, there is simply no likelihood of consumer confusion as to the source of the separate products. Thus, the Punch Ya

6

Daddy mark and label does not dilute or other wise affect Walker's mark and label. As a result, Walker is not entitled to the injunction it seeks and its request should be denied.

B. No substantial threat that Walker will suffer irreparable injury if a preliminary injunction is not issued.

Walker contends that it is suffering irreparable harm by Punch Ya Daddy's use of the "PUNCH YA DADDY" mark and associated labels. This contention, however, is contingent upon a finding of a likelihood of confusion by consumers as outline above. Again, the clear distinctions in the mark and labels of Punch Ya Daddy from that of Walker's cannot be ignored and lead only to a conclusion that products so marked originate from different sources. As a result, Walker cannot establish that it is or will suffer irreparable harm and, without such, the requested injunction should not issue.

C. The minimal threat of injury to Walker does not outweigh the threatened harm to defendants.

If the preliminary injunction is issued, defendants, in effect, may be prohibited from conducting any business. All of defendants' goods bear the "PUNCH YA DADDY" mark, and potentially, if a injunction issues, the sale of those goods could be prohibited. The same would cause defendants monumental damages, including lost revenue, lost of inventory, and extensive cost of mitigating actions. Given the unlikelihood of confusion between the subject marks, the extensive harm defendants will face under the injunction sought by Walker supports denial of the request.

7

D. Public interest will be disserved by the granting of the preliminary injunction.

Walker asserts that the public interest will be served by the issuance of the preliminary injunction against Punch Ya Daddy. To the contrary, however, the opposite is true. By requesting an injunction, Walker is merely trying to eliminate a competitor and increase its market share in areas where both products are offered to consumers. Since, there is clearly no likelihood of confusion as to the source of the competing products, an injunction as sought by Walker servers only to impede fair competition and, thus, harm consumers and the public interest.

### III. CONCLUSION

Considering the forgoing and the evidence to be submitted and arguments to be made at the hearing of this matter, plaintiff's request for a preliminary injunction should be denied.

Respectfully submitted;

LAW OFFICE OF CHRISTOPHER H. RIVIERE
A Professional Law Corporation


S/ CHRISTOPHER H. RIVIERE
CHRISTOPHER H. RIVIERE (#11297)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana 70302-0670
Telephone: (985) 447-7440
Facsimile: (985) 447-3233
ATTORNEY FOR DEFENDANTS,
PUNCH YA DADDY, LLC., and KIRBY
FALCON, JR.

## CERTIFICATE

I hereby certify that on the 28th day of December, 2009, I electronically filed the above and foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

S/ CHRISTOPHER H. RIVIERE
CHRISTOPHER H RIVIERE
