RECEIVED
USDC WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  3 / 9 / 10
        6B

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| WALKER AND SONS, INC. | CIVIL ACTION 09-1822 |
| VERSUS | JUDGE HAIK |
| PUNCH YA DADDY, LLC., ET AL | MAGISTRATE JUDGE HILL |

---

### RULING

Before the Court is a Motion for Preliminary Injunction filed by Walker and Sons, Inc.  A Hearing was held on January 13, 2010, at which time the Court ordered the parties to submit supplemental briefs in support of their positions.  All evidence has now been received and, after full consideration of same, the Court finds as follows:

In its Application for Preliminary Injunction, the plaintiff seeks to prohibit the defendants from using both the trade name "Punch Ya Daddy" and the associated labels and packaging.  In order to obtain a preliminary injunction, the moving party must establish these four elements: 1. A substantial likelihood of success on the merits; 2.  A substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; 3.  That the threatened injury outweighs any damage that the injunction might cause defendants; and 4.  That the injunction will not disserve the public interest. *Busters LLC v. Brennan 177 F.3d. 258 (C.A. 5, 1999).*  Louisiana state law requires similar proof.

The Court finds the plaintiff has satisfied the required elements with respect to the packaging and labeling used on the "Punch Ya Daddy" products.  The packaging/labeling used by the defendants is so similar to that used by the plaintiff that the Court is convinced the

resulting confusion is damaging to the plaintiff's business. Should the defendants continue use of the packaging and labeling at issue, the injury to the plaintiff's business is certain to be irreparable.

The plaintiff presented convincing evidence of the confusion being caused at this time. Additionally, given the overwhelming similarities of the packaging used by the parties, it is likely the plaintiff will prevail on the merits as it pertains to this issue. An injunction will require the defendants to change the labeling and packaging of the "Punch Ya Daddy" products, which they claim they are currently prepared to do. Consequently, it will not cause any damage to the defendants which will outweigh the injury to the plaintiff. Finally, the public interest is best served by the decision to require the defendants to clearly distinguish their product from those marketed by the plaintiff. Clarity for both the consumer and the parties is the right outcome for everyone involved.

As such, the request for Injunction is hereby **GRANTED** as to that portion of the Application pertaining to the labeling and packaging used for defendants' products. The defendants are hereby **ORDERED** to cease use of the packaging and labeling at issue immediately.

However, as to the trade name "Punch Ya Daddy", the Court finds the plaintiff has not met its burden of proof. After full consideration of all evidence and arguments presented, the Court is not convinced that the trade names are so similar as to warrant the issuance of an injunction. Although the names are generally similar, the evidence simply does not establish infringement as alleged by the plaintiff and the elements required for the issuance of a Preliminary Injunction have not been met. As noted during the Hearing, the term "Slap Ya

2

Mama" is quite common.  In fact, the evidence shows other companies using brand names which are much more similar than the name "Punch Ya Daddy".  Once the defendants' labeling and packaging is revised, it is highly unlikely that any further confusion will take place as a result of the brand names.

Thus, that portion of the Application for Preliminary Injunction related to the cessation of the name "Punch Ya Daddy" is **DENIED.**

**THUS DONE** and **SIGNED** on this _____ day of March, 2010.

_____
**RICHARD T. HAIK, SR., DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

3